265. ALACHUA and JERNIGAN's initiation of prosecution against GRAPSKI on charges of trespass to land after warning, resisting an officer with violence, and battery upon JERNIGAN was done without probable cause and for an improper purpose. (the battery charge upon officer Lattimer is not the subject of this Amended Complaint).

266. No reasonable police officer could have believed that probable cause existed to initiate a prosecution against GRAPSKI on these charges (excluding, for purposes of this Amended Complaint, the battery charge upon officer Lattimer). In particular, the initial basis for arrest – an alleged trespass after warning – was entirely pretextual and without legal foundation.

267. GRAPSKI suffered damages as a direct result of his unconstitutional arrest, battery and prosecution of by the Defendants, ALACHUA, JERNIGAN and BARCIA. Plaintiff's damages consist of infringement upon his Fourth Amendment rights as well as physical and emotional injuries, psychological harm, and humiliation.

268. Plaintiff's Fourth Amendment rights were violated by his unconstitutional arrest and detention and subsequent prosecution on charges related to the pretextual and unsubstantiated trespass and battery charges (excluding, for purposes of this Amended Complaint, the battery charge upon officer Lattimer).

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff compensatory damages against CITY OF ALACHUA, ROBERT E. JERNIGAN, and PATRICK BARCIA for infringement of his constitutional rights pursuant to 42 U.S.C. §1983, and for injury to his person.

C. That this Court award Plaintiff punitive damages against Defendants

ROBERT E. JERNIGAN, and PATRICK BARCIA, individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

D.  That this Court award Plaintiff his recoverable costs, including a reasonable attorney's fee pursuant to 42 U.S.C. §1988, against all Defendants.

E.  That this Court award Plaintiff all other relief in law and in equity to which he may be entitled.

## COUNT IX
### (State Law Claim – Malicious Prosecution – 2006 Prosecution)

269.  Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 15, 18, 20 through 24, 28 through 34, 35 through 51, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

270.  This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

271.  This is an action for damages against WATSON and JERNIGAN brought under the laws of the State of Florida and based on the malicious prosecution of Plaintiff.

272.  Plaintiff does no assert a claim based directly on his May 1, 2007 arrest. Rather, the claim asserted in this Count is for the malicious prosecution which followed that arrest.

273.  This claim for malicious prosecution is filed within the applicable statute of limitations. The right to maintain a suit for malicious prosecution arises upon termination of the prosecution favorably to the plaintiff. In this instance, the cause of

action did not arise until the charges were dismissed against Plaintiff on November 16, 2006, and the four year statute of limitations does not run until November 16, 2010.

274. WATSON and JERNIGAN knew at the time they made the decision to arrest GRAPSKI that there was no probable cause to arrest Plaintiff for having recorded the conversation of April 28, 2006, or for any other reason.

275. A reasonable police officer in similar circumstances could not have believed that Plaintiff committed a crime by recording his conversation with Watson on April 28, 2006.

276. Defendants WATSON and JERNIGAN filed criminal charges against Plaintiff knowing at the time they did so that Plaintiff had not committed any crime.

277. Defendants WATSON and JERNIGAN maliciously filed and pursued criminal charges against Plaintiff on charges he did not commit without probable cause and for the improper purpose of interfering with his right of free speech and the right to petition government for redress of grievances guaranteed by the First and Fourteenth Amendments to the United States Constitution; and to retaliate against him for exercising his First Amendment right to join in the suit against ALACHUA to contest Alachua's 2006 election on grounds of misconduct of its officers and officials.

278. Defendants acted intentionally and maliciously with the express intention of depriving Plaintiff of his freedom and of his civil liberties.

279. The prosecution terminated in Plaintiff's favor on November 16, 2006.

280. Plaintiff was detained and prosecuted against his will.

281. Plaintiff has suffered damages as a direct and proximate result of the malicious prosecution on false charges, including loss of his freedom, physical

discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment and lost income.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff compensatory and punitive damages against Defendants CLOVIS WATSON, JR. and ROBERT E. JERNIGAN, individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT X
### (State Law Claim – Negligent Supervision – 2006 Prosecution)

282. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 15, 18, 20 through 24, 28 through 34, 35 through 51, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

283. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

284. This is an action for damages against CITY OF ALACHUA brought under the laws of the State of Florida for negligence in the supervision and instruction of its employees, WATSON and JERNIGAN.

285. At all times material hereto, ALACHUA was the employer of WATSON and JERNIGAN.

286. WATSON and JERNIGAN engineered the arrest and prosecution of Plaintiff on false charges of having recorded a conversation with WATSON on April 28, 2006.

287. ALACHUA knew or should have known that GRAPSKI would be battered by the arresting officers as unwanted and unjustified physical contact was a foreseeable consequence of the custodial arrest.

288. WATSON and JERNIGAN filed charges against Plaintiff and actively assisted the State Attorney in his prosecution of Plaintiff on these false charges.

289. WATSON and JERNIGAN regularly reported their efforts to prosecute Plaintiff to CALDERWOOD and other officials of the CITY OF ALACHUA.

290. ALACHUA had actual knowledge of the actions that its employees had arrested GRAPSKI, had filed charges against him and had urged, encouraged and assisted his prosecution.

291. ALACHUA knew or should have known that the charges against GRAPSKI were baseless and brought in a bad faith attempt to deprive Plaintiff of his constitutional rights and liberties and state law freedoms through repeated arrests, harassment and public ridicule.

292. ALACHUA knew or should have known that its employees (particularly WATSON and JERNIGAN) were engaged in the malicious prosecution of the Plaintiff in connection with his May 1, 2006 arrest.

293. The CITY OF ALACHUA knew or should have known that the charges against Plaintiff were baseless and the result of a malicious prosecution when Plaintiff filed his motion to dismiss and argued that motion to the presiding Judge in Case No.:

2006-CF-002034-A, on November 16, 2006.

294. A reasonable governmental entity would have taken remedial action by immediately instructing its employees to withdraw the charges and notifying the State Attorney that the charges against GRAPSKI were baseless and should be dismissed.

295. Rather than take any such remedial action, ALACHUA allowed its agents to encourage and assist in GRAPSKI's prosecution.

296. ALACHUA owed Plaintiff a duty of care to adequately instruct and supervise its police officers, including WATSON and JERNIGAN, in CITY policies and with respect to the application of state and local law, including the statutes governing the recording of conversations with consent.

297. ALACHUA breached its duty to Plaintiff by failing to adequately instruct and supervise its employees, including WATSON and JERNIGAN.

298. ALACHUA breached its duty to Plaintiff by failing to take any remedial action following actual and imputed knowledge of the ongoing malicious prosecution of the Plaintiff. That remedial action could have been taken as late as November 16, 2006, when Plaintiff was called upon to argue his motion to dismiss.

299. Had WATSON and JERNIGAN been adequately instructed and supervised, those officials would not have arrested Plaintiff, would not have charged Plaintiff and would not have encouraged and assisted in the prosecution of Plaintiff for a non-existent crime.

300. Plaintiff suffered damages as a direct and proximate result of ALACHUA's failure to exercise reasonable supervision of its employees, including WATSON and JERNIGAN.

**WHEREFORE**, Plaintiff prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause;

B.     That this Court award Plaintiff money damages against ALACHUA pursuant to §768.28, Fla.Stat. to compensate Plaintiff for the injuries ALACHUA's negligence caused him to suffer.

C.     That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XI
### (State Law Claim - False Arrest – February 12, 2007)

301.   Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 16, 18, 20 through 24, 29 through 34, 68 through 101, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

302.   This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

303.   This is an action for damages against WATSON, CALDERWOOD and JERNIGAN brought under the laws of the State of Florida and based on the illegal arrest and detention of Plaintiff.

304.   Defendants did not have a warrant or Court order authorizing Plaintiff's arrest or detention on February 12, 2007.

305.   Defendants had no legal basis to physically detain and arrest the Plaintiff and Defendants knew that the detention and arrest was without legal basis.

306.   Defendants had no probable cause to believe that Plaintiff had committed

any crime on February 12, 2007.

307. A reasonable police officer in similar circumstances could not have believed that Plaintiff committed a crime or breached the peace at the February 12, 2007 ALACHUA Commission meeting.

308. Defendants arrested Plaintiff because they disagreed with the content of Plaintiff's speech, with his several suits against the CITY, and because of his political activism, and not because the Plaintiff was violating any law or otherwise breaching the peace.

309. Defendants acted intentionally and maliciously with the express intention of depriving Plaintiff of his freedom and of his civil liberties.

310. Plaintiff was detained and arrested against his will.

311. Plaintiff has suffered damages as a direct and proximate result of his illegal arrest and detention, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff compensatory and punitive damages against Defendants CLOVIS WATSON, JR., JEAN CALDERWOOD and ROBERT E. JERNIGAN, individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XII

### (State Law Claim – Negligent Supervision – February 12, 2007 Arrest)

312. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 16, 18, 20 through 24, 29 through 34, 68 through 101, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

313. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

314. This is an action for damages against CITY OF ALACHUA brought under the laws of the State of Florida for negligence in the supervision and instruction of its agents and employees, CALDERWOOD, WATSON and JERNIGAN.

315. At all times material hereto, ALACHUA was the employer of WATSON and JERNIGAN.

316. CALDERWOOD, WATSON and JERNIGAN engineered the arrest and prosecution of Plaintiff on false charges of trespassing at the City Commission meeting on February 12, 2007.

317. ALACHUA knew or should have known that GRAPSKI would be battered by the arresting officers as unwanted and unjustified physical contact was a foreseeable consequence of the custodial arrest.

318. A reasonable governmental entity would have taken remedial action by immediately intervening in the arrest and directing its officers to release GRAPSKI.

319. WATSON and JERNIGAN filed charges against Plaintiff and actively assisted the State Attorney in his prosecution of Plaintiff on these false charges.

320. WATSON and JERNIGAN regularly reported their efforts to prosecute Plaintiff to CALDERWOOD and other officials of the CITY OF ALACHUA.

321. ALACHUA had actual knowledge that its employees had arrested GRAPSKI, had filed charges against him and had urged, encouraged and assisted his prosecution.

322. ALACHUA knew or should have known that the charges against GRAPSKI were baseless and brought in a bad faith attempt to deprive Plaintiff of his constitutional rights and liberties and state law freedoms through repeated arrests, harassment and public ridicule.

323. ALACHUA knew or should have known that its agents and employees (particularly CALDERWOOD, WATSON and JERNIGAN) were engaged in the malicious prosecution of the Plaintiff in connection with his February 12, 2007 arrest.

324. A reasonable governmental entity would have taken remedial action by immediately instructing its employees to withdraw the charges and notifying the State Attorney that the charges against GRAPSKI were baseless and should be dismissed.

325. Rather than take any such remedial action, ALACHUA allowed its agents to encourage and assist in GRAPSKI's prosecution.

326. ALACHUA owed Plaintiff a duty of care to adequately instruct and supervise its agents and police officers, including CALDERWOOD, WATSON and JERNIGAN, in CITY policies and with respect to the application of state and local law, including the statutes governing trespass and the right of citizens to speak to their elected representative on matters of public concern.

327. ALACHUA breached its duty to Plaintiff by failing to adequately instruct

and supervise its employees, including CALDERWOOD, WATSON and JERNIGAN.

328. ALACHUA breached its duty to Plaintiff by failing to take any remedial action following actual and imputed knowledge of the ongoing malicious prosecution of the Plaintiff.

329. Had CALDERWOOD, WATSON and JERNIGAN been adequately instructed and supervised, those officials would not have arrested Plaintiff, would not have charged Plaintiff and would not have encouraged and assisted in the prosecution of Plaintiff for a non-existent crime.

330. Plaintiff suffered damages as a direct and proximate result of ALACHUA's failure to exercise reasonable supervision of its agents and employees, including CALDERWOOD, WATSON and JERNIGAN.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff money damages against ALACHUA pursuant to §768.28, Fla.Stat. to compensate Plaintiff for the injuries ALACHUA's negligence caused him to suffer.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

### COUNT XIII

**(State Law Tort Claim – Battery - February 12, 2007)**

331. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 16, 18, 20 through 24, 29 through 34, 68 through 101, 116 through 119, 123, and 125, and

incorporates those allegations in this Count by reference.

332. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

333. This is an action against JERNIGAN to recover damages for battery.

334. While serving in his capacity as Chief of Police for the City of Alachua, JERNIGAN had offensive, non-consensual physical contact with Plaintiff.

335. Specifically, JERNIGAN handcuffed the Plaintiff and assisted in dragging him from the County Commission meeting.

336. JERNIGAN knew that there was no legal basis to touch Plaintiff or to physically remove his against his will from a public meeting in a public facility.

337. JERNIGAN took these actions at the direction of the Mayor, CALDERWOOD, and under the supervision of the City Manager, WATSON.

338. Other law enforcement officers employed by the CITY assisted JERNIGAN is dragging and carrying Plaintiff to the police station and, in the course of doing so, dropped him and threatened him with a Taser, all against Plaintiff's will and without his consent.

339. Plaintiff's arrest was illegal and without probable cause; any contact with Plaintiff arising from the illegal detention and seizure of his person is likewise illegal and without justification.

340. As a direct and proximate result of Defendants' physical assaults on Plaintiff, Plaintiff has suffered damages, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause.

B. That this Court award Plaintiff compensatory and punitive damages against Defendant JERNIGAN, individually, to punish JERNIGAN for his unlawful actions and to deter JERNIGAN and others from engaging in the same or similar acts in the future.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XIV
### (State Law Claim – Malicious Prosecution – February 12, 2007)

341. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 16, 18, 20 through 24, 29 through 34, 68 through 101, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

342. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

343. This is an action for damages against WATSON, CALDERWOOD and JERNIGAN brought under the laws of the State of Florida and based on the malicious prosecution of Plaintiff.

344. Defendants had no probable cause to believe that Plaintiff had committed any crime on February 12, 2007.

345. A reasonable official in similar circumstances could not have believed that Plaintiff committed a crime or breached the peace at the February 12, 2007 Alachua

Commission meeting.

346. Defendants filed criminal charges against Plaintiff knowing at the time they did so that Plaintiff had not committed any crime.

347. Once film of the incident was reviewed, it became obvious that Plaintiff had committed no crime and that there was no basis to prosecute Plaintiff on any charges. Despite this knowledge, the Defendants refused to drop the charges and persisted in their efforts to have Plaintiff prosecuted.

348. The prosecution was terminated in GRAPSKI's favor.

349. Defendants maliciously filed and pursued criminal charges against Plaintiff on charges he did not commit without probable cause and for the improper purpose of interfering with his right of free speech and the right to petition government for redress of grievances guaranteed by the First and Fourteenth Amendments to the United States Constitution; and to retaliate against him for exercising his First Amendment right to join in the suit against ALACHUA to contest Alachua's 2006 election on grounds of misconduct of its officers and officials.

350. Defendants acted intentionally and maliciously with the express intention of depriving Plaintiff of his freedom and of his civil liberties.

351. Plaintiff was detained and prosecuted against his will.

352. Plaintiff has suffered damages as a direct and proximate result of the malicious prosecution on false charges, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment and lost income.

**WHEREFORE**, Plaintiff prays for the following relief:

A.  That this Court take jurisdiction over the parties and this cause;

B.  That this Court award Plaintiff compensatory and punitive damages against Defendants CLOVIS WATSON, JR., JEAN CALDERWOOD and ROBERT E. JERNIGAN, individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

C.  That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XV
### (State Law Claim - False Arrest – August 13, 2007)

353.  Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 16, 18, 20 through 24, 29 through 34, 68 through 101, 116 through 119, 123, and 125, and incorporates those allegations in this Count by reference.

354.  This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

355.  This is an action for damages against JERNIGAN and BARCIA brought under the laws of the State of Florida and based on the illegal arrest and detention of Plaintiff on a false charge of trespass.

356.  Defendants did not have a warrant or Court order authorizing Plaintiff's arrest or detention on August 13, 2007.

357.  Defendants had no legal basis to physically detain and arrest the Plaintiff and Defendants knew that the detention and arrest was without legal basis.