358. Defendants had no probable cause to believe that Plaintiff had committed any crime on August 13, 2007.

359. A reasonable police officer in similar circumstances could not have believed that Plaintiff trespassed or committed a crime on August 13, 2007 when he attempted to file a complaint against official wrongdoing by CITY officials.

360. Defendants arrested Plaintiff because they disagreed with the content of Plaintiff's speech, with his several suits against the CITY and because of his political activism and not because the Plaintiff was violating any law or otherwise breaching the peace.

361. Defendants acted intentionally and maliciously with the express intention of depriving Plaintiff of his freedom and of his civil liberties.

362. Plaintiff was detained and arrested against his will.

363. Plaintiff has suffered damages as a direct and proximate result of his illegal arrest and detention, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff compensatory and punitive damages against Defendants ROBERT E. JERNIGAN and PATRICK BARCIA, JR., individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XVI

### (State Law Claim – Negligent Supervision – August 13, 2007 Arrest)

364. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 34, 113 through 127, and 185 through 230, and incorporates those allegations in this Count by reference.

365. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

366. This is an action for damages against CITY OF ALACHUA brought under the laws of the State of Florida for negligence in the supervision and instruction of its employees, JERNIGAN and BARCIA.

367. At all times material hereto, ALACHUA was the employer of JERNIGAN and BARCIA

368. JERNIGAN and BARCIA engineered the arrest and prosecution of Plaintiff on false charges of trespassing at the City police station on August 13, 2007.

369. ALACHUA knew or should have known that GRAPSKI would be battered by the arresting officers as unwanted and unjustified physical contact was a foreseeable consequence of the custodial arrest.

370. A reasonable governmental entity would have taken remedial action by immediately intervening in the arrest and directing its officers to release GRAPSKI.

371. JERNIGAN and BARCIA filed charges against Plaintiff and actively assisted the State Attorney in his prosecution of Plaintiff on these false charges.

372. JERNIGAN and BARCIA regularly reported their efforts to prosecute

officials of the CITY OF ALACHUA.

373. ALACHUA had actual knowledge of the actions that its employees had arrested GRAPSKI, had filed charges against him and had urged, encouraged and assisted his prosecution.

374. ALACHUA knew or should have known that the charges against GRAPSKI were baseless and brought in a bad faith attempt to deprive Plaintiff of his constitutional rights and liberties and state law freedoms through repeated arrests, harassment and public ridicule.

375. ALACHUA knew or should have known that its employees (particularly JERNIGAN and BARCIA) were engaged in the malicious prosecution of the Plaintiff in connection with his August 13, 2007 arrest.

376. A reasonable governmental entity would have taken remedial action by immediately instructing its employees to withdraw the charges and notifying the State Attorney that the charges against GRAPSKI were baseless and should be dismissed.

377. Rather than take any such remedial action, ALACHUA allowed its agents to encourage and assist in GRAPSKI's prosecution.

378. ALACHUA owed Plaintiff a duty of care to adequately instruct and supervise its police officers, including JERNIGAN and BARCIA in CITY policies and with respect to the application of state and local law, including the statutes governing trespass and the right of citizens to petition government for redress of their grievances.

379. ALACHUA breached its duty to Plaintiff by failing to adequately instruct and supervise its employees, including JERNIGAN and BARCIA.

380. ALACHUA breached its duty to Plaintiff by failing to take any remedial

action following actual and imputed knowledge of the ongoing malicious prosecution of the Plaintiff.

381. Had JERNIGAN and BARCIA been adequately instructed and supervised, those officials would not have arrested Plaintiff, would not have charged Plaintiff and would not have encouraged and assisted in the prosecution of Plaintiff for a non-existent crime.

382. Plaintiff suffered damages as a direct and proximate result of ALACHUA's failure to exercise reasonable supervision of its agents and employees, including JERNIGAN and BARCIA.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff money damages against ALACHUA pursuant to §768.28, Fla.Stat. to compensate Plaintiff for the injuries ALACHUA's negligence caused him to suffer.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XVII

### (State Law Tort Claim – Battery - August 13, 2007)

383. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 15, 18-34, 116 through 119, 123, 125, and 224 through 266, and incorporates those allegations in this Count by reference.

384. This Court has jurisdiction over this state law cause of action because

Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

385. This is an action against JERNIGAN and BARCIA to recover damages for battery.

386. While serving in his capacity as Chief of Police for the City of ALACHUA, JERNIGAN had offensive, non-consensual physical contact with Plaintiff.

387. While serving in his capacity as a police officer for the City of ALACHUA, BARCIA had offensive, non-consensual physical contact with Plaintiff.

388. Specifically, JERNIGAN and BARCIA handcuffed the Plaintiff and physically beat the Plaintiff when GRAPSKI passively refused to walk with BARCIA following his unlawful arrest on August 13, 2007.

389. JERNIGAN and BARCIA knew that there was no legal basis to touch Plaintiff or to beat him in response to his passive refusal to accompany them.

390. Plaintiff's arrest was illegal and without probable cause; any contact with Plaintiff arising from the illegal detention and seizure of his person is likewise illegal and without justification.

391. As a direct and proximate result of Defendants' physical assaults on Plaintiff, Plaintiff has suffered damages, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause.

B. That this Court award Plaintiff compensatory and punitive damages against Defendants JERNIGAN and BARCIA, individually, to punish them for their

unlawful actions and to deter JERNIGAN and BARCIA and others from engaging in the same or similar acts in the future.

  C.  That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT XVIII
### (State Law Claim – Malicious Prosecution – August 13, 2007)

  392. Plaintiff realleges the allegations set forth in paragraphs 2, 6 through 15, 18-34, 116 through 119, 123, 125, and 224 through 266, and incorporates those allegations in this Count by reference.

  393. This Court has jurisdiction over this state law cause of action because Plaintiff's other claims involve Federal Questions and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

  394. This is an action for damages against JERNIGAN and BARCIA brought under the laws of the State of Florida and based on the malicious prosecution of Plaintiff.

  395. Defendants had no probable cause to believe that Plaintiff had committed the crime of trespass on August 13, 2007.

  396. The initial decision to arrest Plaintiff was not based on probable cause to believe that Plaintiff had committed any crime, but rather was motivated by a malicious desire on the part of JERNIGAN and BARCIA to harass the Plaintiff and interfere with his attempts to petition the government for redress of grievances.

  397. Any criminal culpability attributable to Plaintiff arises only from his interaction with officer Lattimer which occurred at some time *after* Plaintiff's arrest for trespass and *after* the unconstitutional acts complained of in this litigation.

398. A reasonable official in similar circumstances could not have believed that Plaintiff committed a crime at the time of Plaintiff's arrest for trespass on August 13, 2007.

399. JERNIGAN and BARCIA filed criminal charges against Plaintiff knowing at the time they did so that Plaintiff had not committed any crime.

400. Defendants maliciously filed and pursued criminal charges against Plaintiff on charges he did not commit without probable cause and for the improper purpose of interfering with his right of free speech and the right to petition government for redress of grievances guaranteed by the First and Fourteenth Amendments to the United States Constitution; and to retaliate against him for exercising his First Amendment right to join in the suit against ALACHUA to contest Alachua's 2006 election on grounds of misconduct of its officers and officials.

401. Defendants acted intentionally and maliciously with the express intention of depriving Plaintiff of his freedom and of his civil liberties.

402. Plaintiff was detained and prosecuted against his will.

403. The attempt to prosecute Plaintiff for trespass and for battery against JERNIGAN and BARCIA resulted in a jury verdict in favor of the Plaintiff.

404. The single criminal charge upon which Plaintiff was convicted arose from conduct after Plaintiff's arrest for trespass and involved an officer not at issue in this litigation. That conviction is currently on appeal.

405. Plaintiff has suffered damages as a direct and proximate result of the malicious prosecution on false charges, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment

and lost income.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the parties and this cause;

B. That this Court award Plaintiff compensatory and punitive damages against Defendants ROBERT E. JERNIGAN and PATRICK BARCIA, JR., individually, to punish those individual Defendants for their unlawful actions and to deter those individual Defendants and others from engaging in the same or similar acts in the future.

C. That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

### Demand for Jury Trial

406. GRAPSKI demands trial by jury on all claims made herein.

GARY S. EDINGER & ASSOCIATES, P.A

/s/ Gary S. Edinger

| | |
|---|---|
| JOSEPH W. LITTLE, Esquire | GARY S. EDINGER, Esquire |
| Florida Bar No. 196749 | Florida Bar No.: 0606812 |
| 3731 N.W. 13th Place | 305 N.E. 1st Street |
| Gainesville, Florida 32605 | Gainesville, Florida 32601 |
| (352) 273-0660 | (352) 338-4440/ 337-0696 (Fax) |
| littlegnv@gmail.com | GSEdinger@aol.com |

*Attorneys for Plaintiff*

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Amended Complaint has been furnished to JOSEPH R. FLOOD, JR., Esquire and JOSHUA B. WALKER, Esquire, Dean, Ringers, Morgan & Lawton, P.A., Post Office Box 2928, Orlando, Florida 32802-2928; and to MICHAEL J. ROPER, Esquire and

Page 68

CHRISTOPHER R. FAY, Esquire, Bell & Roper, P.A., 2707 E. Jefferson Street, Orlando, Florida 32803, via the CM/ECF System this 9th day of September, 2010.

/s/ Gary S. Edinger
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812